IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| DARLENE DANIELS | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:10cv24 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |

ORDER ADOPTING REPORT AND
RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE

The Report and Recommendation ("R&R") of the Magistrate Judge, which contains his findings, conclusions, and recommendation for the disposition of this action, has been presented for consideration. The Report and Recommendation recommends that the above-captioned case be dismissed with prejudice. Plaintiff has filed written objections.

Plaintiff first objects that the R&R does not account for an alleged error of law by the Administrative Law Judge ("ALJ"). Specifically, Plaintiff contends that the ALJ "committed an error of law by defining an impairment as "severe":

> if it significantly limits an individual's ability to perform basic work activities. An impairment or combination of impairments is "not severe" when medical and other evidence establish only a slight abnormality or combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work.

Objection at 2; Transcript ("Tr.") at 4G. Instead, Plaintiff asserts, *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985) defines an impairment as "not severe" only if it "would not be expected to interfere with the individual's ability to work." Objection at 2. Plaintiff first raised this issue in her opening brief, albeit without citation to the record or a discussion of how it affected the ALJ's

1

decision. *See* Pltf Brf at 9-10. In both her opening brief and her objections, Plaintiff relies exclusively on the interpretive guidance of *Sanders v. Astrue*, 2008 WL 4211146, at *6-7 (N. D. Tex. Sept. 12, 2008). This argument is undercut by a number of recent decisions, however, including a more recent decision by the Fifth Circuit.

The Social Security Administration has explicitly incorporated the *Stone* standard by name into its opinion issued as SSR 85-28 and clarified that its interpretation of the severity standard is consistent with that standard. *See* SSR 85-28, 1985 WL 56856, at *2-3. The ALJ expressly cited SSR 85-28, as well as SSRs 96-3p and 96-4p. Tr. at 4G; *see also Valdez v. Comm'r SSA*, 2010 WL 5564101, at *5 (N.D. Tex. Dec 16, 2010) (explicitly holding that SSR 85-28, SSR 96-3p and SSR 96-4p meet both the substance of *Stone v. Heckler* and the Fifth Circuit's requirement for citing an opinion "of the same effect" as *Stone*, citing *Fletcher v. Astrue*, 2009WL 1532113, at *2 (N.D.Tex. June 02, 2009) (SSR 85-28 acknowledges and agrees with the definition of "not severe" in *Stone*)); *Stewart v. Astrue*, 2009 WL 187581 at *3 (M.D. La. Jan.26, 2009) (citing SSR 85-28, SSR 96-3p and SSR 96-4p sufficiently acknowledges the standard enunciated in *Stone*); *Cantu v. Astrue*, 2010 WL 4595529, at *8 (S.D. Tex. Nov. 4, 2010) (harmonizing SSR 85-28, 96-3p and 96-4p with *Stone v. Heckler*); *but see Crotzer v. Astrue*, 2010 WL 4877270, at *6 (N.D. Tex. Oct. 21, 2010) (distinguishing citation to SSRs 85-28, 96-3p and 96-4p from citation to the standard as enunciated in *Stone*).

Notwithstanding any difference of opinion between the districts, the Fifth Circuit itself has recently used the same language that the ALJ in this case used to interpret the *Stone* standard. In *Brunson v. Astrue*, 387 Fed. Appx. 459 (5th Cir. 2010) (per curiam), the Fifth Circuit interpreted the *Stone* standard to mean,

> An impairment is severe if it significantly limits an individual's physical or mental abilities to do basic work activities; *it is not severe if it is a slight abnormality or combination of slight abnormalities that has no more than a minimal effect on the claimant's ability to do basic work activities*.

*Id*. at 461 (emphasis added, citing *Stone v. Heckler*) (also reasoning, "substantial evidence in the record supports the ALJ's conclusion that Mr. Brunson's back pain *did not impose more than a minimal effect on his ability to engage in basic work-related activities* during the relevant period.") (emphasis added).

Here, in view of these decisions, the Court is satisfied that the ALJ employed the *Stone* standard. Therefore, Plaintiff's first objection is overruled.

Plaintiff next objects that the ALJ's hypothetical question to the vocational expert during the administrative hearing was deficient because it did not include all of her limitations. Objection at 2. The ALJ's residual functional capacity assessment was that Plaintiff could perform medium work "except blindness in the left eye, poor peripheral vision; can follow simple 3-4 step instructions; inability to interact with the public; and can frequently interact with co-workers or supervisors." Tr. at 4J. Plaintiff specifically contends that the "simple 3-4 step instructions" limitation does not sufficiently encompass a moderate limitation in concentration, persistence and pace. She relies on *Webb v. Astrue*, 2010 WL 1644898 (N.D. Tex. Mar. 2, 2010), a case cited by the Magistrate Judge in another portion of his R&R, to argue that a more specific limitation was required in this instance. The ALJ in *Webb* found the plaintiff had a moderate limitation in concentration, persistence and pace, and limited the plaintiff to jobs with a reasoning level of 1, 2 or 3 and having no more than superficial contact with the public. *Id*. at *12. The ALJ incorporated those limitations in his hypothetical question to that vocational expert, who then testified that the plaintiff could perform his past relevant work as a bus driver. *Id*. at *12-13. On review, the district court limited itself "to

3

the specific facts in [that] case, including that [the plaintiff's] past relevant work was that as a bus driver," *id*. at *13, and examined the skill level and job description of the bus driver occupation. The *Webb* district court found that, because a bus driver who was obviously operating independently had to transport passengers and maintain a time schedule, greater detail was required with regard to the plaintiff's concentration, persistence and pace. *Id*.

Here, however, there is no such requirement. Plaintiff has not demonstrated how this ALJ's hypothetical question required any more detail than the limitation to "simple 3-4 step instructions" with regard to past relevant work as a certified nurse's assistant. Her imaginative argument based on the job requirements of a chicken eviscerator, Objection at 3, does not equate to an argument involving the requirements of her actual past relevant work, which Plaintiff does not make. The Court has reviewed the requirements of DOT code no. 355.674-014 and notes that the majority of the work is in the nature of housekeeping and is "under direction of nursing and medical staff." *Id*. Much of it involves answering calls, collecting and serving food trays, transporting patients by wheelchair, holding instruments and adjusting lights under direction, changing bed linens, running errands and the like. *Id*. The occupation does not require decisionmaking with medications or anything like it; even when taking temperatures and other monitoring is required, it is under direction. *Id*. Therefore, there is no comparison to *Webb*, where the work required independent action and decisionmaking.

Further, even *Webb* acknowledged that other courts have found that findings of moderate deficiencies in concentration, persistence and pace are encompassed by job limitations in the nature of "simple 3-4 step instructions." *See Webb*, 2010 WL 1644898, at *13 (citing *Ramsey v. U.S. Comm'r Soc. Sec. Admin.*, 2008 WL 341698, at *1 (W.D. La. Feb. 7, 2008) and *Adams v. Astrue*, 2008 WL 2812835, at *4 (W.D. La. June 30, 2008)). Here, the Magistrate Judge cited, among other

4

cases, *Bordelon v. Astrue*, 281 Fed. Appx. 418, 422 (5th Cir. 2008) (per curiam), which found that functional limitations, rather than broad areas of "concentration, persistence and pace," in a hypothetical question were sufficient, citing *Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983) (per curiam)).

Plaintiff further contends that if the ALJ had accepted findings regarding her "ability to respond appropriately to work pressures and to changes in the work setting," Objection at 5, he might have found she could not perform as a certified nurse's assistant. She also contends that the job requires the ability to perform effectively under stress. *Id*. However, she does not explain how these criteria are a function of "concentration, persistence and pace." Therefore, she cannot show that she was prejudiced by the ALJ's statement of her limitations. This objection will be overruled.

In a related vein, Plaintiff finally objects that the limitation to performing "simple 3-4 step instructions" is incompatible with a Reasoning Level of 3, as required in the DOT code for certified nurse's assistant. Objection at 6. The Magistrate Judge discussed this point at some length and cited *Webb*, 2010 WL 1644898, at *12 n.10, *Abel v. Astrue*, 2011 WL 1099890, at *7 (S.D. Miss. Mar. 2, 2011) and *Dugas v. Astrue*, 2009 WL 1780121, at *6 (E.D. Tex. June 22, 2009) as cases within the Fifth Circuit finding that a Reasoning Level of 3 does not preclude a limitation of "simple 3-4 step instructions." Plaintiff now contends that there is a "direct and obvious" conflict between that limitation and Reasoning Level 3 based on *Nichols v. Comm'r of Soc. Sec. Admin.*, 2011 WL 2669056, at *6 (N.D. Tex. June 10, 2011), *adopted*, 2011 WL 2669099 (N.D. Tex. July 6, 2011). In *Nichols*, a claimant was found unsuitable for a laborer occupation because he was limited to "simple instructions" and the DOT code for the job required an SVP of 2. *Nichols*, 2011 WL 2669056, at *6. However, SVP, or Specific Vocational Preparation, is not the same as a Reasoning Level. As is explained in *Nichols* itself,

5

> Jobs at the SVP level of two require a typical worker to learn the techniques, acquire information, and develop the facility needed for average performance within anything beyond a short demonstration up to and including one month. U.S. Dep't of Labor, *Dictionary of Occupational Titles* [1009] (4th ed. 1991) (*DOT*). An SVP level of two is considered unskilled. Social Security Ruling 00–4p, 2000 WL189704, at *3.

*Nichols*, 2011 WL 2669056, at *5 n.4. In this sense, SVP is a measurement of the vocational preparation it takes to be able to perform the described job, *not* the reasoning ability required to perform it. Therefore, *Nichols* is inapposite and this objection will be overruled.

Having made a *de novo* review of the objections filed by Plaintiff, the Court finds that the findings, conclusions and recommendation of the Magistrate Judge are correct. The findings and conclusions of the Magistrate Judge are therefore adopted as those of the Court.

In light of the foregoing, it is

**ORDERED** that Plaintiff's objections are hereby **OVERRULED**. It is further

**ORDERED** that the complaint is hereby **DISMISSED** with **PREJUDICE**. It is further

**ORDERED** that any motion not previously ruled on is **DENIED**.

 **SIGNED this 13th day of September, 2011.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE

6